# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

February 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Joseph Komorowski,**
**Petitioner Below, Petitioner**

vs)  **Nos. 11-1659 and 11-1767** (Kanawha County 11-AA-52 and 09-AA-67)

**Marshall County Board of Education,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Joseph Komorowski appeals two cases decided by the Circuit Court of Kanawha County. The order in Kanawha County 11-AA-52, designated on appeal to this Court as 11-1659, was entered on November 3, 2011. The order in Kanawha County 09-AA-67, designated on appeal as 11-1767, was entered on November 15, 2011. Petitioner is represented in both cases by Gregory A. Gaudino. Respondent Board of Education of Marshall County is represented in both cases by Richard S. Boothby and Howard E. Seufer.

This Court has considered the parties' briefs and the records on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the records presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. We consolidate these cases for purposes of decision.

Both circuit court cases were appeals from the West Virginia Public Employees Grievance Board wherein petitioner filed grievances regarding his non-selection for the position of principal of John Marshall High School. One case concerned his non-selection in 2007, and the other case concerned his non-selection when the position again came open in 2009. In both grievances, petitioner asserted that less-qualified applicants were chosen instead of him, and he sought to be placed in the position.

Appeal number 11-1767 concerns petitioner's non-selection in 2007. At the time, petitioner was employed as the assistant principal of this same high school. After he filed his grievance, but before the grievance board decided the case, petitioner voluntarily retired from his full-time employment in 2008. The grievance board ruled that petitioner's grievance was moot because petitioner had retired. The circuit court affirmed the grievance board and dismissed petitioner's appeal.

Upon a review of 11-1767, we also affirm. The grievance system provides a procedure for public employees to resolve grievances with regard to their employment. W.Va. Code § 6C-2-1(a). Any relief that might have been accorded to petitioner had he not retired, and had he prevailed before the grievance board, is now purely speculative. Moreover, any belated claim

1

that petitioner might return to full-time employment were he awarded the position would be unsupported by the record. " 'Courts are not constituted for the purpose of making advisory decrees or resolving academic disputes. . . .' Syllabus point 2, in part, *Harshbarger v. Gainer*, 184 W.Va. 656, 403 S.E.2d 399 (1991)." Syl. Pt. 4, *Huston v. Mercedes-Benz USA, LLC*, 227 W.Va. 515, 711 S.E.2d 585 (2011). " 'Courts will not ordinarily decide a moot question.' Syl. pt. 1, *Tynes v. Shore*, 117 W.Va. 355, 185 S.E. 845 (1936)." Syl. Pt. 4, *Bland v. State*, Nos. 11–0746, 11–0747, 11–1146, 2012 WL 5898071 (W.Va. 2012).

Petitioner argues that he remains an employee of the respondent board of education because he still holds a contract to serve as the advisor to a National Honor Society chapter. He notes that pursuant to West Virginia Code §6C-2-4(a), "an employee" may file a grievance, and the definition of "employee" in West Virginia Code § 6C-2-2(e)(1) includes part-time positions. However, just because petitioner may have had standing to file the grievance, does not mean that his case is still ripe for decision or for the granting of the requested relief.

Appeal number 11-1659 concerns petitioner's non-selection for the principal position in 2009. Petitioner had already retired before this non-selection, although he maintained the National Honor Society advisor contract. A different grievance board administrative law judge denied respondent's motion to dismiss the 2009 grievance as moot; the administrative law judge proceeded to deny the grievance on its merits. Thereafter, the circuit court affirmed on the merits. However, inasmuch as we have already concluded that the grievance in 11-1767 is moot, we must likewise conclude that the grievance in 11-1659 is also moot. Petitioner's employment status at the times both grievances were decided was the same—he had already retired. Accordingly, we need not address the merits of petitioner's non-selection in 2009. " 'This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syl. pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965)." Syl. Pt. 4, *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman

2